```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON
```

| | | |
|---|---|---|
| THOMAS EARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 20-33-JMH |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DONNIE TABOR, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Thomas Earley is a resident of Laurel County, Kentucky. Proceeding without an attorney, Earley filed a complaint with this Court asserting numerous claims related to his recent eviction from the property where he was residing. [DE 1.] Earley also filed a motion for leave to proceed *in forma pauperis* [DE 3] and a motion for injunctive relief. [DE 6.] By prior order, the Court granted Earley's request to proceed as a pauper. [DE 7.]

Because Earley is proceeding *in forma pauperis*, the Court conducts an initial review of his complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court may dismiss a case at any time if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. Accordingly, the Court has conducted an initial review of Earley's complaint and will dismiss it, without prejudice, for the reasons below.

Earley's twenty-page complaint is somewhat difficult to follow. Throughout the complaint, Earley mentions contract law; HIPPA; 42 U.S.C. § 1983; and the First, Fourth, Fifth, Eight, and Fourteen Amendments. He also describes a history of conflict with the individual Donnie Tabor, and he offers a variety of personal information about his mental and physical health and history of illicit behavior. Overall, however, the complaint clearly takes issue with a forcible detainer decision reached in Laurel District Court and the subsequent eviction warrant issued against Earley. According to Earley, an appeal of this district court decision is currently pending. [*See* DE 1 at 11 (stating the case remains on appeal).]

After thoroughly reviewing Earley's complaint and accompanying motion for injunctive relief, the Court finds that Earley's present lawsuit, while styled as a civil rights action, is primarily an attempt to collaterally attack the ongoing state court action or, at very least, an effort to speed up the appellate process. After all, two of the four named defendants are the Laurel District Court and Laurel Circuit Court, and a third defendant is the law enforcement body responsible for executing the eviction warrant. And while Earley alleges a number of violations of his rights and injuries to his mental and physical health, it is clear from the complaint on the whole that the true source of Earley's injuries is the state forcible detainer ruling

2

itself. *See Givens v. Homecomings Financial*, 278 F. App'x 607, 609 (6th Cir. 2008) (in a similar case, finding the plaintiff's various claims were ultimately concerned with a state order of possession). Indeed, without disturbing (or, at the very least, reevaluating) the state court ruling, the Court has no real way to provide Earley with the recourse he seeks.

"The federal district courts do not hear appeals from state courts." *Id.* at 608. Instead, if Earley is displeased with the Laurel District Court's ruling, his remedy is to appeal to the state appellate court. *Id.; see also Kafele v. Lerner, Sampson & Rothfuss, LPA*, 161 F. App'x 487, 489 (6th Cir. 2005). Earley claims to have done this four months ago [*see* DE 6 at 2]; the appeal simply remains pending. Notably, Earley has not alleged that the appeal will be futile or that he cannot present his constitutional claims related to the eviction in state court. Instead, he appears only to be seeking relief as quickly as possible. But while Earley makes his way through the state appellate process, this Court does not provide him with any alternate avenues of relief.

In light of the ongoing state court proceedings regarding this same matter, the Court will abstain from ruling on Earley's complaint and will instead dismiss the action without prejudice. *See, e.g., Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (stating that the district court properly abstained

from ruling on the *pro se* plaintiff's complaint regarding foreclosure proceedings, because there was a state foreclosure action pending and the plaintiff had an adequate opportunity to raise his challenges in those proceedings); *Squire v. Coughlan*, 479 F.3d 551, 555 (6th Cir. 2006) (explaining that a federal district court may abstain from ruling where there are ongoing state judicial proceedings that implicate important state interests and that provide an adequate opportunity for the plaintiff to raise constitutional challenges).

Accordingly, the Court hereby **ORDERS** as follows:

1) Earley's complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** on abstention grounds;

2) Earley's motion for injunctive relief [DE 6] is **DENIED, AS MOOT**; and

3) This matter is **CLOSED** and **STRICKEN** from the docket.

This the 6th day of March, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge